**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Luis Murillo ESPINOSA,**
**Defendant–Appellant.**

No. 14–30197.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2016.*

Filed April 7, 2016.

Helen J. Brunner, Esquire, Assistant U.S., Brian Werner, Assistant U.S., DOJ–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Brooks Holland, Spokane, WA, for Defendant–Appellant.

Before: RAWLINSON, CALLAHAN, and GILMAN ** Circuit Judges.

MEMORANDUM ***

Defendant–Appellant Jose Luis Murillo Espinosa was found guilty by a jury of 1) conspiracy to possess heroin and morphine with intent to distribute and, 2) possession of heroin or morphine with intent to dis-

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

tribute, in violation of 21 U.S.C. §§ 841 and 846. He now appeals his convictions.

The district court did not plainly err when it allowed a Drug Enforcement Agency (DEA) agent to provide expert testimony about the structure and methods of drug-trafficking organizations, because the testimony was relevant and more probative than prejudicial. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1071 (9th Cir.2011), *as amended*. The DEA agent's expert testimony was directly relevant to the charge of conspiracy and rebutted Espinosa's assertion that, although he was discovered in a drug stash house with heroin in his suitcase, he had nothing to do with the drug-distribution activities that occurred there. Further, the DEA agent's testimony helped the jury understand Espinosa's role in the conspiracy, including comments made by Espinosa to other co-conspirators, and the significance of evidence found in Espinosa's room. In any event, Espinosa has not shown that admission of the testimony affected the fairness of the proceedings against him. *See United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir.2011).

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.